**NOT FOR PUBLICATION**

AUG 14 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIPE DELGADO, an individual on behalf of himself and on behalf of all others similarly situated; et al., <br><br>         Plaintiffs - Appellants, <br><br>   v. <br><br> ORTHO-MCNEIL, INC., a New Jersey corporation; et al., <br><br>         Defendants - Appellees. | No. 09-55225 <br><br> D.C. No. 8:07-cv-00263-CJC-MLG <br><br><br> MEMORANDUM* |
| JOSEPH YACOUBIAN, individually and on behalf of all others similarly situated; and PATRICIA DONNELLY, individually and on behalf of all others similarly situated, <br><br>         Plaintiffs - Appellants, <br><br>   v. <br><br> ORTHO-MCNEIL PHARMACEUTICAL, INC., a Delaware corporation; and ORTHO-MCNEIL NEUROLOGICS, INC., a New Jersey corporation, | No. 09-55229 <br><br> D.C. No. 8:07-cv-00127-CJC-MLG |

        *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued November 3, 2010
Submitted August 10, 2012
Pasadena, California

Before: SCHROEDER, TALLMAN, and M. SMITH, Circuit Judges.

Plaintiffs-Appellants Felipe Delgado, Quinton Bickley, Joseph Yacoubian, and Patricia Donnelly appeal two orders of the Central District of California granting summary judgment for their employers, Ortho-McNeil, Inc., Janssen Ortho-McNeil Primary Care, Inc., and Janssen L.P. (collectively, Ortho). In both actions, Plaintiffs—all pharmaceutical sales representatives—allege that they and similarly-situated employees are owed unpaid overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.,* and California Labor Code § 510. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pharmaceutical sales representatives whose primary duties include obtaining nonbinding commitment from physicians to prescribe their employer products

2

qualify as outside salesmen and are exempt from the FLSA's overtime wage requirements. *Christopher v. SmithKline Beecham, Corp.*, 132 S. Ct. 2156, 2172-74 (2012). Accordingly, the district court did not err in concluding that the pharmaceutical sales representatives are outside salesmen under the FLSA.

Under California law, pharmaceutical sales representatives fall under the "administrative" exemption to California's overtime wage requirements because they customarily and regularly exercise discretion and independent judgment as part of their job, and their duties involve the performance of nonmanual work directly related to general business operations. *See Harris v. Superior Court*, 266 P.3d 953, 958-60, 963-64 (Cal. 2011). Accordingly, Plaintiffs are subject to the administrative exemption of the California Labor Code. *See* Cal. Lab. Code § 515(a); Cal. Code Regs. tit. 8, § 11040(1)(A)(2).

**AFFIRMED.**